# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| LINDSI WILSON, | § | |
| *Plaintiff,* | § § § | |
| VS. | § § | CIVIL ACTION NO. 1:22-CV-00767-RP |
| DOUGLAS SCHAIN, | § § § | |
| *Defendant.* | § § | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT OPINIONS, TESTIMONY AND REPORTS OF DR. JESUS ARANDA-CANO

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Lindsi Wilson, and files this Reply In Support of Her Motion to Exclude the Expert Opinions, Testimony, and Reports of Dr. Jesus Aranda-Cano, Psy.D., MSCP ("Reply"). Plaintiff would respectfully show the Court as follows:

## I.
## REPLY

It is clear from Defendant's Response that he has failed to meet his burden in establishing the admissibility of the proposed expert testimony of Dr. Aranda-Cano. *See United States v. Perry*, 35 F.4th 293, 329 (5th Cir. 2022) (the proponent of expert testimony has the burden to show that such testimony is reliable). Therefore, the Court should exclude Dr. Aranda-Cano's expert opinions, testimony, and reports because he is not qualified to offer the opinions represented in his report, his testimony is unreliable, and the sources he relies upon are irrelevant to the facts of the case.

### A. The Cases Cited by Defendant are Distinguishable

Defendant cites a multitude of cases in its Response, claiming that each supports his position that Dr. Aranda-Cano's testimony should not be excluded. However, these cases are distinguishable from the case at bar for various reasons, as addressed below.

Defendant first cites *Stewart v. Hankins* for the proposition that Dr. Aranda-Cano's lack of a medical degree is best left for cross-examination. *See* Defendant's Response at 3. It is important to note that the Eastern District of Texas determined in this case that the neuropsychologist could testify because it did not appear that the neuropsychologist was attempting to testify regarding causation. *See Stewart v. Hankins*, No. 4:15-cv-586, 2016 WL 7971300, at *2 (E.D. Tex. Oct. 11, 2016). It is clear from Dr. Aranda-Cano's report, deposition, and Defendant's Response that Dr. Aranda-Cano is attempting to offer opinions on causation. *See generally* Dkt. 51. Dr. Aranda-Cano offers opinions in his report, such as, "it is very likely that [Ms. Wilson's] emotional distress might have been due to other factors other than the incident at issue." *See* Dkt. 45-2 at 13. Further, Defendant states in his Response, "Dr. Aranda's opinions are more than legally sufficient, authoritative, and based upon accepted methodology to cast doubt upon Wilson's allegations and propose alternative causation for her alleged, subjective symptoms." *See* Dkt. 51 at 8.

Next, Defendant cites *Koenig v. Beekmans*, stating, "this Court has similarly found that a neuropsychologist was qualified to opine and testify regarding traumatic brain injury." *See id.* at 3. In *Koenig*, Judge Farrer determined that the neuropsychologist was qualified to opine on the reliability of a specific test in determining if someone has a traumatic brain injury ("TBI"). *Koenig v. Beekmans*, No. 5-15-CV-00822-RCL-RBF, 2017 WL 6003022, at *2-3 (W.D. Tex. Dec. 1, 2017). Dr. Aranda-Cano's opinions do not stop at whether a specific test is reliable in determining whether Ms. Wilson has a TBI. *See, e.g.*,

Dkt. 45-2. Rather, Dr. Aranda-Cano offers opinions that Ms. Wilson does not have a TBI despite a lack of physical examination, testing, and interviews performed by him. *See* Dkt. 45-3 at 24:17-25:5. He essentially has no basis for his opinion that she has not suffered from a TBI besides the Department of Defense Guidelines and vague references to Ms. Wilson's medical records. *See* Dkt. 45-2. Further, he offers opinions as to whether Ms. Wilson's injuries were caused by the subject incident, which is improper and outside of the scope of his expertise. *See Kemp v. City of Houston*, No. CV H-10-3111, 2013 WL 12320720, at *7 (S.D. Tex. July 24, 2013) (neuropsychologist was not a medical doctor; therefore, he was not qualified to provide opinions about causation and such opinions were excluded); *Cabroni v. General Motors Corp.*, No. CIV.A. 99-2910, 2003 WL 21219002, at *1 (E.D. La. May 21, 2003) (concluding that only a medical doctor could relate plaintiff's brain injury to any trauma received from the collision, thus excluding neuropsychologist's opinions regarding causation); *Sanderson v. Int'l Flavors and Fragrances, Inc.*, 950 F. Supp. 981, 1001 (C.D. Cal. 1996) (finding a neuropsychologist is not a qualified expert on causation).

*Carreon v. King*, cited by Defendant, is distinguishable from this case because, unlike Dr. Aranda-Cano in this case, the doctor in *Carreon* had actually performed a physical examination and tests on the plaintiff and interviewed her and her family. *See Carreon v. King*, No. 3:15-CV-2089-K-BK, 2016 WL 9525670, at *3-4 (N.D. Tex. June 13, 2016). Dr. Aranda-Cano admitted in his deposition that he did not perform a physical examination on Plaintiff, had never met or spoken with Plaintiff, and did not conduct any interviews in coming to his opinions. *See* Dkt. 45-3 at 24:17-25:1.

In a specious reference to *Norman v. Stephens*, Defendant states that "the Southern District of Texas has expressly exacted the field of neuropsychology." *See* Dkt. 51 at 4. The paragraph from *Norman* that Defendant references concerns whether a criminal

defendant's counsel was ineffective in choosing not to employ a neuropsychologist as an expert. *See Norman v. Stephens*, No. V-12-054, 2015 WL 5732122, at *14 (S.D. Tex. Sept. 30, 2015). The case does not determine whether a specific neuropsychologist is qualified to provide opinions on TBIs or causation. *Norman* only states that neuropsychologists specialize "in administrating psychological tests to evaluate human brain disorders or psychological impairment caused by, or related to, injury to brain tissue." *Id.* Further, while neuropsychologists may specialize in conducting such tests, it is clear that Dr. Aranda-Cano has not performed a single test on Plaintiff, as he has never met her, never spoken with her, and never performed an evaluation of her. *See* Dkt. 45-3 at 24:17-25:1.

Notably, Defendant cites *Moore v. Ashland Chem., Inc.*, quoting, "the Daubert factors, which are techniques derived from hard science methodology, are, as a general rule, inappropriate for use in making the reliability assessment of expert clinical medical testimony." *See* Dkt. 51 at 10; *Moore v. Ashland Chem., Inc.*, 126 F.3d 679, 682 (5th Cir. 1997), *reh'g en banc granted, opinion vacated* (Nov. 12, 1997), *on reh'g,* 151 F.3d 269 (5th Cir. 1998). It must be noted that the case cited by Defendant was vacated on rehearing and is no longer good law. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269 (5th Cir. 1998). On rehearing, the court stated that "the district court was entitled to conclude that the above bases for Dr. Jenkin's opinion were individually and collectively inadequate under *Daubert*," therefore extinguishing any argument that the *Daubert* factors are inappropriate for use in determining the reliability of expert clinical medical testimony. *See Moore*, 151 F.3d at 277; *see also Nikolova v. Univ. of Tex. at Austin*, 585 F. Supp. 3d 936, 940 (W.D. Tex. 2022) ("The Rule 702 and *Daubert* analysis applies to all proposed expert testimony, including nonscientific 'technical analysis' and other 'specialized knowledge.'").

Defendant also cites cases inapplicable to the case at bar because the courts speak specifically about the laws in certain states, none of which apply here. *See* Dkt. 51 at 7.

Defendant cites passages from *Aycock v. R.J. Reynolds Tobacco Co.* and *Allen v. American Cyanamid*, which specifically analyze Florida and Wisconsin law. *See id.* (citing *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069-70; *Allen v. American Cyanamid*, No. 11-CV-0055, 2021 WL 1086245, at *3 (E.D. Wis. Mar. 22, 2021)). This case is in federal court, and the events at the center of this case took place in Texas; there is no possibility of Florida or Wisconsin law applying in this case. Therefore, these cases are irrelevant.

**B. Various Federal Courts have Found Neuropsychologists Unqualified**

Defendant states that "every federal district in Texas has, in recent years, found a neuropsychologist qualified to opine regarding claimed head injuries," as if the Court should take a federal district's admission of testimony of one neuropsychologist as reason to admit *any* neuropsychologist's testimony. *See* Dkt. 51 at 4. What Defendant fails to mention, however, is that there have been numerous cases in federal courts in which courts have found neuropsychologists unqualified to provide the opinions for which they were designated. *See, e.g.*, *Matthews v. Kroger Texas, LP*, No. 4:13-CV-090-Y, 2015 WL 11022774, at *2 (N.D. Tex. Aug. 21, 2015) (excluding neuropsychologist's testimony because it was speculative and lacking in scientific validity); *Fayard v. Tire Kingdom, Inc.*, No. CIV.A. 09-171-BAJ, 2010 WL 3717287, at *3 (M.D. La. Sept. 13, 2010) (excluding neuropsychologist's testimony because she did not conduct sufficient interviewing and testing to render an opinion, and her opinion lacked analysis or scientific basis); *Kemp*, 2013 WL 12320720, at *7 (neuropsychologist was not a medical doctor; therefore, he was not qualified to provide opinions about causation and such opinions were excluded); *Cabroni*, 2003 WL 21219002, at *1 (holding only a medical doctor could relate plaintiff's brain injury to any trauma received from the collision, thus excluding neuropsychologist's opinions regarding causation); *Sanderson*, 950 F. Supp. at 1001 (concluding a neuropsychologist is not a qualified expert on causation).

**C. Dr. Aranda-Cano is Not Qualified to Testify on Causation**

Dr. Aranda-Cano does not have a medical degree and has never attended medical school; he only has a doctorate in psychology. *See* Dkt. 45-3 at 10:19-20. Numerous courts in the Fifth Circuit have determined that experts who lack a medical degree are unqualified to testify to causation. *See, e.g.*, *Edmonds v. Illinois Cent. Gulf R. Co.*, 910 F.2d 1284, 1288 (5th Cir. 1990) (psychologist lacked a medical degree and was therefore unqualified to testify as to the medical effects of stress and whether such stress caused plaintiff's injuries); *Rhodes v. Bayer Healthcare Pharms., Inc.*, No. 10-1695, 2013 WL 1289050, *2-4 (W.D. La. Mar. 26, 2013) (pharmacist was not qualified to offer an opinion regarding causation as he did not possess a medical degree); *Okey v. United States*, No. 2:20-CV-00119, 2022 WL 266800, at *2 (W.D. La. Jan. 27, 2022) ("Because Dr. Courtney is not a medical doctor, however, she may not offer opinions about the specific cause of a specific injury. . . ."); *Leija v. Penn Mar., Inc.*, No. CIV.A. 06-10489, 2009 WL 211723, at *2 (E.D. La. Jan. 23, 2009) (toxicologist was not qualified to render an opinion on medical causation as he was not a medical doctor); *Herrera v. Werner Enterprises, Inc.*, No. SA-14-CV-385-XR, 2015 WL 12670443, at *2-3 (W.D. Tex. Sept. 28, 2015) (biomechanical engineer was not qualified to render a medical opinion as to the specific cause of the plaintiff's injuries as he was not a medical doctor); *Valencino v. Cole*, No. CV 20-76, 2021 WL 1422940, at *3-4 (E.D. La. Apr. 15, 2021) (biomechanical engineer was not permitted to testify on medical causation issues).

Defendant also cites multiple cases for the proposition that proving causation is a burden entirely on the plaintiff. *See* Dkt. 51 at 6-7. However, the fact that a plaintiff has the burden on an issue does not give a defendant free reign to offer expert testimony on that issue that does not meet *Daubert*'s requirements. *See Farmers Tex. Cnty. Mut. Ins. Co. v. Pagan*, 453 S.W.3d 454, 462 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("But these

general principles 'of alternative causation [are] not a free ticket to admission of evidence,' which must still meet admissibility requirements including relevance, reliability of expert testimony under Rule 702, and the Rule 403 balancing test.") (quoting *Baker v. Dalkon Shield Claimants Trust*, 156 F.3d 248, 252 (1st Cir. 1998)). As Defendant is the party offering Dr. Aranda-Cano as an expert, Defendant has the burden of establishing that the testimony is admissible, irrespective of any burden Plaintiff has regarding an issue in the case. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002) (the party offering the expert testimony has the burden of establishing the admissibility of the testimony by a preponderance of the evidence).

Defendant quotes the following from *Farmers Tex. Cty. Mut. Ins. Co. v. Pagan*: "the defense expert who is only testifying as to possible causes does not have to provide a reliable basis for concluding that the identified cause is the most likely cause of the injury. But the defense expert nonetheless needs a reliable basis for an opinion that another cause is plausible; otherwise, the expert is engaging in pure speculation." *See* Dkt. 51 at 7 (citing *Pagan*, 453 S.W.3d at 462 n.5). The second sentence of that quote provides exactly one of the reasons why Dr. Aranda-Cano's opinions should be excluded: he does not provide a reliable basis for his opinions. *See Pagan*, 453 S.W.3d at 462 n.5. An expert must have a reliable basis to provide an opinion on causation. *See Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 352-53 (5th Cir. 2007) (exclusion of expert's testimony regarding causation was not an abuse of discretion, as the studies the expert relied upon in forming his opinions were unreliable); *Pretus v. Diamond Offshore Mgmt. Co.*, No. 1:06-CV-627, 2010 WL 11552857, at *7 (E.D. Tex. Sept. 14, 2010) (court excluded an expert's opinions regarding medical causation, as the opinions were unreliable); *Carter v. Southstar Mgmt., LLC*, No. CV H-17-727, 2018 WL 5281791, at *4 (S.D. Tex. Oct. 24, 2018) (doctor's causation testimony was unreliable and properly excluded under *Daubert*); *Wade v. BP Expl. & Prod.*

*Inc.*, 630 F. Supp. 3d 776, 791 (E.D. La. 2022) (doctor's causation opinions excluded as unreliable). Dr. Aranda-Cano does not have a medical degree, he has never examined Plaintiff, he has never interviewed Plaintiff nor her peers, and so on. *See* Dkt. 45-3 at 10:19-20, 24:17-25:5. Dr. Aranda-Cano is engaging in pure speculation, which he admitted in his deposition. *See id.* at 48:19-49:21.

Additionally, Defendant cites *Baker v. Dalkon Shield Claimants Trust*, but that case also makes similar statements to *Pagan* regarding opinions on causation, stating, ". . . a claim of alternative causation is not a free ticket to admission of evidence; an alternative causation theory could be incoherent or irrational, or the evidence supporting it inadmissible." *See Baker v. Dalkon Shield Claimants Trust*, 156 F.3d 248, 252 (1st Cir. 2014). Further, Defendant cites *Cruz ex rel. Cruz v. Paso Del Norte Health Foundation*, but like *Pagan* and *Baker*, that case states that "an expert's bare opinion will not suffice to provide evidence of causation of an injury; the substance of the testimony must be considered." *See Cruz ex rel. Cruz v. Paso Del Norte Health Foundation*, 44 S.W.3d 622, 631 (Tex. App.—El Paso 2001, pet. denied). *Pagan*, *Baker*, and *Cruz* all demonstrate that Dr. Aranda-Cano's testimony is inadmissible, as it has no reliable basis.

Since Dr. Aranda-Cano lacks the necessary qualifications and expertise to provide the opinions he offers and has failed to point to a reliable scientific basis to support his conclusions, the Court should exclude his testimony.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court grant Plaintiff's Motion to Exclude the Expert Opinions, Testimony, and Reports of Dr. Jesus Aranda-Cano, Psy.D., MSCP. Plaintiff prays for such other and further relief, at law or in equity, to which she may show herself to be justly entitled.

Respectfully Submitted,

WATTS GUERRA LLP
875 East Ashby Place
San Antonio, Texas 78212
Telephone: (210) 447-0500
Fax: (210) 447-0501

By:  /s/ *Meredith D. Stratigopoulos*
     MIKAL C. WATTS
     State Bar No. 20981820
     mcwatts@wattsguerra.com
     FRANCISCO GUERRA, IV.
     Texas State Bar No. 00796684
     fguerra@wattsguerra.com
     MEREDITH D. STRATIGOPOULOS
     Texas State Bar No. 24110416
     mdrukker@wattsguerra.com
     BAILEY E. VANNATTA
     State Br No. 24119113
     bvannatta@wattsguerra.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in compliance with the Federal Rules of Civil Procedure on the 19th day of September 2023 as follows:

Gregg R. Miller
ESPEY & ASSOCIATES, PC
12400 San Pedro Avenue, Suite 200
San Antonio, Texas 78216
***Attorney for Defendant Douglas Schain***

*/s/ Meredith D. Stratigopoulos*
MEREDITH D. STRATIGOPOULOS