# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| LINDSI WILSON, § | |
|     Plaintiff, § | |
| V. § | |
| § | A-22-CV-767-DAE |
| DOUGLAS SCHAIN, § | |
|     Defendant. § | |

## ORDER

Before the court are Defendant's Motion to Exclude Expert Philip Rosescu (Dkt. 43), Plaintiff's Motion to Exclude the Expert Opinions, Testimony, and Reports of Dr. Jesus Aranda-Cano, Psy. D., MSCP (Dkt. 45), Plaintiff's Motion to Partially Exclude Expert Opinions, Testimony, and Report of Defendant's Expert Eric Moody, P.E., Ph. D. (Dkt. 48), Defendant's Motion to Quash and for Protective Order (Dkt. 57), Defendant's Motion to Compel Production of Records (Dkt. 60),[1] and all related briefing. The court heard arguments on these motions on October 11, 2023, and has considered the parties' briefing and relevant case law. Accordingly, for the reasons stated at the hearing, the court rules as follows.

Defendant's Motion to Exclude Expert Philip Rosescu (Dkt. 43) is **DENIED**. Rosescu can opine that the stairway was unsafe and did not comply with the relevant codes. Plaintiff has agreed to withdraw Rosescu's opinion that Defendant knew or should have known the stairway was unsafe. Neither side's expert will opine on what Defendant knew or should have known, but the experts can testify to what a reasonable property owner would have done to inspect the stairway.

---

[1] These motions were referred to the undersigned by Senior United States District Judge David Ezra for disposition pursuant to 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Orders dated Sept. 19, 2023, and Oct. 5, 2023.

Plaintiff's Motion to Exclude the Expert Opinions, Testimony, and Reports of Dr. Jesus Aranda-Cano, Psy. D., MSCP (Dkt. 45) is **DENIED** with the understanding that Defendant has clarified that Aranda-Cano will not testify as to causal link to a mechanical injury to the brain.

Plaintiff's Motion to Partially Exclude Expert Opinions, Testimony, and Report of Defendant's Expert Eric Moody, P.E., Ph. D. (Dkt. 48) is **DENIED** to the extent Moody relies on deposition testimony and **GRANTED** to the extent Moody relies on the property code. Defendant represented that Moody would not offer an opinion with references to the property code.

Defendant's Motion to Quash and for Protective Order (Dkt. 57) is **GRANTED**. Plaintiff has supplemented her medical records after the close of discovery. While the court recognizes the duty to supplement is ongoing, this case must get ready for trial with some certainty of what the issues will be. Accordingly, the court grants the motion.

Defendant's Motion to Compel Production of Records (Dkt. 60) is **GRANTED**. Plaintiff's father was her treating physician, and Defendant has sought medical records from him. Plaintiff's father has not responded to Defendant's request, therefore Defendant now seeks those records from Plaintiff. Given the unique relationship between Plaintiff and her treating provider, the court grants the motion.

SIGNED October 11, 2023.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE